WILLIAM R. COATS v. LOUIS A. JONES AND WIFE, ALICE JONES

No. 406A83

(Filed 6 December 1983)

APPEAL by the defendant-appellants pursuant to G.S. § 7A-30(2) from a decision of a divided panel of the Court of Appeals, 63 N.C. App. 151, 300 S.E. 2d 655 (1983), reversing summary judgment for defendants entered by *Battle, J.,* on 25 May 1982 in Superior Court, WAKE County, and remanding the case for trial. Heard in the Supreme Court 8 November 1983.

The case arose out of a contract entered into in July 1978 between the plaintiff and the defendants for the construction of a house for the defendants. Plaintiff's verified complaint filed 11 January 1980 alleged that under the contract in question the plaintiff was to supervise the construction of a residence for the defendants. Plaintiff set forth four causes of action: (1) that plaintiff and defendants entered into a contract whereby the defendants agreed to pay the plaintiff a fee of $5,500.00 simply to supervise the construction of a residence and that after credit for all payments already made, there remained an outstanding balance due the plaintiff of $1,900.00 which the defendants refused to pay; (2) in performing the agreement, plaintiff had purchased materials, hired subcontractors and provided labor outside the terms of the agreement for which he was entitled to reimbursement in the amount of $766.08 which he had demanded of the defendants and which the defendants had refused to pay; (3) the plaintiff provided labor and material for "extras" for which he was due some $1,694.00 from the defendants which he had demanded and they had refused to pay; (4) the defendants had received from a manufacturer a refund of some $1,560.00 representing in part the plaintiff's labor for replacing defective paneling and defendants had failed and refused to pay the plaintiff his portion of this refund.

Defendants filed a verified answer and counterclaim on 20 March 1980 in which they denied the material allegations of the complaint, asserted as defenses that the plaintiff represented himself to be a licensed building contractor when in fact he was not (defendants contend that plaintiff occupied the position of a

general contractor rather than the position of a supervisor of construction), and that the contract involved an undertaking exceeding $30,000.00 in value. Defendants further alleged that by reason of the plaintiff's failure to be a licensed contractor, the contract was illegal and unenforceable. Furthermore, plaintiff's own failure to perform his duties under the contract excused defendants from any contractual obligations, and that if plaintiff was entitled to recovery, which defendants denied, plaintiff's failure to perform his duties under the contract resulted in damages to the defendants, entitling them to certain set-offs. Defendants further asserted counterclaims against the plaintiff for breach of contract and for negligence and prayed for damages in the amount of $13,000.00 plus interest for the plaintiff's breach of contract and the amount of $13,000.00 for plaintiff's negligence.

Defendants moved for summary judgment pursuant to Rule 56 of the North Carolina Rules of Civil Procedure. Defendants' motion was supported by the affidavit of H. M. McCown, the Secretary-Treasurer of Records for the North Carolina Licensing Board for General Contractors, to the effect that plaintiff was not a licensed building contractor during the times alleged in the complaint. The depositions of the plaintiff and the defendant Louis Jones, together with attached exhibits, were of record at the time of the hearing on the summary judgment motion. By order filed 25 May 1982, Judge F. Gordon Battle granted summary judgment against the plaintiff on all his claims, except for the right of set-off against the defendants' counterclaims. Plaintiff appealed and on 5 July 1983 a panel of the North Carolina Court of Appeals filed its decision (one judge dissenting) reversing summary judgment and remanding the case for trial. The case was decided under the provisions of G.S. § 87-1 as it appeared before the amendment effective 1 January 1982, which broadened the definition of a general contractor so as to include those who superintend or manage a project for another, the cost of which is $30,000.00 or more. Chapter 783, 1981 Session Laws of North Carolina. The majority of the panel below was of the opinion that, under the forecast of the evidence, there remained to be tried genuine material issues as to the nature of plaintiff's contractual relationship with the defendants, particularly as to whether plaintiff undertook to construct defendants' residence as a general contractor within the meaning of the statute, or whether plaintiff

was engaged as a job supervisor for a salary, not within the statutory definition.

*Manning, Fulton & Skinner, by Charles E. Nichols, Jr., and Michael T. Medford, attorneys for plaintiff-appellee.*

*Blanchard, Tucker, Twiggs, Denson & Earls, P.A., by Margaret S. Abrams and Douglas B. Abrams, attorneys for defendants-appellants.*

PER CURIAM.

We have carefully reviewed the opinion of the Court of Appeals, the briefs and authorities relating to defendants' contentions on this appeal, and the oral arguments of counsel, and we conclude that the result reached by the Court of Appeals is correct. At trial, the trial judge and counsel should be aware of our recent decision in *Brady v. Fulghum*, 309 N.C. 580, 308 S.E. 2d 327 (1983). The decision of the Court of Appeals is

Affirmed.